NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2021[*]
Decided August 30, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3190

| | |
|---|---|
| SCOTT E. SPATES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | No. 20-C-1415 |
| JEAN KLABUNDE, et al., | William C. Griesbach, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Scott Spates, a Wisconsin inmate, sued two nurses at his prison for deliberate indifference when they failed to take immediate action after they received his urine sample that was thick and black. *See* 42 U.S.C. § 1983. The district court screened his complaint, 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Spates failed to allege that either nurse disregarded a known risk to his health, we affirm.

In reviewing Spates's appeal, we take as true his allegations in his amended complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). In June 2020, Spates began experiencing severe stomach pain. On July 3, a Friday, he described this pain to a nurse, Terry Amimo,[1] complaining also of vomiting, diarrhea, and loss of appetite. He showed Amimo a sample of his urine—thick and black—in a clear Pepsi bottle. Amimo replied that she could not test the urine from the bottle, gave him an approved transparent container, and told him to return a sample as soon as he could. An hour later, an officer collected a new urine sample from Spates—also thick and dark—and delivered it to Jean Klabunde, another nurse, who was responsible for notifying Amimo or the "lab nurse" to ensure pickup of the sample. That sample went untested.

After another weekend experiencing pain, Spates returned to the health-services unit with a new urine sample—again in a Pepsi bottle—and repeated his complaints of vomiting and diarrhea. The duty nurse immediately contacted a doctor, who ordered that the urine be tested right away. The results triggered a blood test, after which Spates was rushed to the hospital for emergency stomach surgery. Afterward, his surgeon and other nurses and doctors at the hospital told him that dark-colored urine was a sign of internal bleeding—a medical emergency.

The district judge, after allowing Spates to amend his complaint, dismissed it at screening for failure to state a claim. The judge ruled that Spates alleged no facts that either nurse was deliberately indifferent to his condition. As he explained, Amimo's refusal to accept Spates's sample in a bottle did not reflect a disregard for his health. And as for Klabunde, Spates's allegations suggested not that she knew of his pain, but only that she received a urine sample and failed to pass it on to another nurse. An accident can produce added anguish, the judge said, but that alone cannot be characterized as a wanton infliction of unnecessary pain.

On appeal, Spates maintains that his complaint stated a claim of deliberate indifference against Amimo and Klabunde. To state a claim under the Eighth Amendment, Spates needed to allege that he suffered from an objectively serious medical condition and that the nurses were deliberately indifferent to his condition.

---

[1] The defendants have clarified on appeal that the nurse's name is Concepta Teresa "Terry" Amimo, and not Amimo Terry, as stated in the amended complaint and screening order.

*See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Spates faults Amimo for not accepting his first urine sample, given the obvious risk of a serious medical condition associated with its alarming color and texture.

The judge properly determined that Spates did not state a claim against Amimo. Spates did not allege enough to imply that Amimo disregarded a known risk to his health. *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 (7th Cir. 2021). His complaint states only that she directed him to provide a urine sample in a proper container and return it to the health-services unit as soon as possible. He did not say, for instance, that she gratuitously made him suffer when she directed him to provide a sample in an appropriate container. An officer returned with another sample an hour later, and he does not suggest that this hour-long delay exacerbated his pain. *See*, *e.g.*, *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (vacating dismissal where pain complaints were ignored for ten months).

Spates says even less on appeal about Klabunde. He maintains that she too should have been aware of the obviously serious nature of the medical risk. But as the judge explained, Klabunde's alleged failure to process the sample was simply an accident or carelessness that, by itself, cannot be characterized as a "wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see Peterson*, 986 F.3d at 753–54. Spates does not meaningfully dispute this conclusion.

We have reviewed the rest of Spates's arguments, and none has merit.

AFFIRMED